FILED
02-18-2026
Anna Maria Hodges
Clerk of Circuit Court
2026CV001398

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

---

JEFFERY BORDERS
7085 N. 44ᵀᴴ STREET
MILWAUKEE, WI 53223

     Plaintiff,

  v.

                                Case No:   2026-CV-1398

NEXTGEAR CAPITAL, INC.
6205 PEACHTREE DUNWOODY ROAD,
ATLANTA, GEORGIA 30328

     Defendant.

---

## BRIEF IN SUPPORT OF MOTION FOR TEMPORARY INJUNCTION

---

### Legal Standard (Wis. Stat. § 813.02)

"The purpose of 'a temporary injunction is to maintain the status quo, not to change the position of the parties or compel the doing of acts which constitute all or part of the ultimate relief sought.'" *Sch. Dist. of Slinger v. Wis. Interscholastic Athletic Ass'n*, 210 Wis. 2d 365, 373, 563 N.W.2d 585 (Ct. App. 1997) (citation omitted). However, Courts can enjoin defamatory speech if there is clear evidence substantiating its falsity, and the injunction is narrowly tailored. *See Pittsburgh Press Co. v. Pittsburgh Comm'n on Hum. Rels.*, 413 U.S. 376, 390 (1973).

A temporary injunction may be granted when the movant shows: "(1) the movant is likely to suffer irreparable harm if a temporary injunction is not issued; (2) the movant has no other adequate remedy at law; (3) a temporary injunction is necessary to preserve

EXHIBIT

D

tabbies

the status quo; and (4) the movant has a reasonable probability of success on the merits."

*Milwaukee Deputy Sheriffs' Ass'n v. Milwaukee Cnty.*, 2016 WI App 56, ¶20, 370 Wis. 2d 644,

659, 883 N.W.2d 154.

1. likely irreparable harm;

2. no adequate remedy at law;

3. the injunction is needed to preserve the status quo; and

4. a reasonable probability of success on the merits.

Narrowly tailored injunctions necessary to prevent future injury to the plaintiff's

personal reputation and business relations can be sustained if the order is clear and well

defined. *See McCarthy v. Fuller*, 810 F.3d 456, 462 (7th Cir. 2015).

### Facts Supporting Temporary Relief

Borders operates a Wisconsin motor-vehicle dealership and must participate in

wholesale auctions to obtain inventory. The complaint alleges the KO Book is an

industry-wide "do not do business" reporting tool used to screen dealers, and that a KO

Book entry operates as a de facto ban at nearly every auto auction.

NextGear caused to be recorded/published in the KO Book the following entry

(quoted in the complaint) associating Borders with an alleged floorplan default and debt:

> "10-19-12: A finance company in Indiana reports that this dealer defaulted
> on her floorplan and owes $23,947.34 ... Jeffery Borders ..."

The statement is false as to Borders because Joyce Benson owned 100% of the

business and defaulted, and Borders has no ownership interest and does not owe the

alleged debt. Borders has demonstrated that he did not own the business and does not

own the alleged debt, with affirmative evidence from the Wisconsin Department of Transportation.

From: "Kloss, Tristan J - DOT" <Tristan.Kloss@dot.wi.gov>
Date: November 24, 2025 at 3:38:07 PM CST
To: borderstruckingllc@yahoo.com
Cc: "Gilmore, Alicia L - DOT" <alicia.gilmore@dot.wi.gov>
Subject: RE: Records request: JAB Auto Sales and Borders Auto Sales LLC

Good afternoon,

To follow-up on our phone conversation, department records indicate that Joyce A Benson was 100% owner of Jab Auto Sales MV2230 from the date the license was issued on 2/1/2012 until the license was placed OOB on 9/10/2012.

Tristan

Borders demanded correction in early 2025, then again through counsel in December 2025, providing proof of ownership from Wisconsin DOT records; NextGear refused to correct/remove.

Borders alleges denials of auction access in 2024–2025, with the latest denial occurring on December 29, 2025, based on the KO Book entry, preventing him from purchasing vehicles and impairing his ability to stock inventory.

### Argument

**A. Borders is likely to suffer irreparable harm without immediate relief.**

The KO Book entry functions as a "hard stop," preventing auction participation. Borders has already been denied entry repeatedly, and most recently on December 29, 2025. Each denial prevents inventory acquisition and disrupts ongoing dealership

Case 2:26-cv-00454-PP     Filed 03/20/26     Page 3 of 5     Document 1-4

operations—harm that is immediate, repeating, and difficult to fully quantify in money damages alone while litigation is pending.

**B. Borders lacks an adequate remedy at law.**

Even if Borders ultimately recovers damages, continued publication/use of the KO Book entry will continue to cause new denials, ongoing business disruption, and expanding reputational harm. The point of temporary relief is to prevent the case from becoming moot in practice—i.e., to prevent continued marketplace exclusion while the Court adjudicates the merits.

**C. Temporary relief is necessary to preserve the status quo.**

The status quo relevant here is Borders' ability to participate in auctions without being blocked by an allegedly false KO Book entry. The requested order is narrowly framed to stop the ongoing gatekeeping effect of the entry pending a prompt evidentiary hearing.

**D. Borders has a reasonable probability of success on the merits.**

Borders' complaint pleads specific defamatory words and alleges falsity, notice, and refusal to correct despite proof. It also pleads a statutory invasion of privacy claim based on the publication of SSN/DOB and the association of those identifiers with a bad debt. On this record, Borders has at least a reasonable probability of success on the merits sufficient for temporary relief.

### E. The requested injunction is narrowly tailored.

Borders requests the least restrictive form of relief adequate to prevent ongoing harm: Borders seeks to remove/suppress the entry as to Borders (not as to Benson) and redact private identifiers (SSN/DOB) from any display. This is designed to address the immediate gatekeeping problem and protect private identifiers without broader restraints than necessary.

### CONCLUSION

For these reasons, Borders respectfully requests that the Court grant the requested temporary injunction, set an expedited hearing, and order such additional relief as is just and equitable.

Dated at Milwaukee, Wisconsin, February 18, 2026.

PADWAY & PADWAY, LTD.
Attorneys for the plaintiff.

By: _Aaron DeKosky_
Aaron A. DeKosky
SBN: 1081404

**P.O. ADDRESS**
Padway & Padway, Ltd.
5150 N. Port Washington Rd.
Suite 151
Milwaukee, WI 53217
www.padwaylaw.net

Phone: 414-277-9800
Fax:    414-277-0189
adekosky@padwaylaw.net